NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0017n.06

No. 14-3451

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| SIDY BABOU, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: SILER, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Sidy Babou, a citizen of Mauritania, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his applications for asylum and withholding of removal. We deny the petition for review.

Babou was born in Mauritania in 1972. In 1989, he and his parents, who are of black Wolof ethnicity, were arrested by members of the white Moor military. They were detained and beaten repeatedly before being forcibly deported to Senegal. Babou lived in Senegal until 2002, first living in a refugee camp and later working shining shoes and unloading ships at a port. He married a native Senegalese woman, who has since divorced him and remarried. In 2002, he entered the United States using a false Senegalese passport.

After hearing Babou's testimony regarding his history and reviewing the evidentiary submissions, the IJ concluded that Babou had established past persecution based on his race and ethnicity, but that the government had rebutted any presumption of future persecution with evidence of changed country conditions in Mauritania. Many of those forcibly deported to Senegal in the late 1980s have returned to Mauritania with the government's cooperation. The IJ found that ethnic and racial groups still faced discrimination but that this did not amount to persecution. He further determined that Babou could have sought citizenship in Senegal based on his marriage and therefore did not merit a discretionary grant of relief. He denied Babou's claims for relief in the form of asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. On appeal, the BIA agreed that the government had rebutted any presumption of future persecution. It did not address whether Babou was entitled to discretionary relief in light of his failure to apply for citizenship in Senegal.

In his brief before this court, Babou challenges only the denial of asylum and withholding of removal, arguing that the evidence of record does not rebut the presumption that he will face persecution in Mauritania based on his race and ethnicity. We granted his motion for a stay of removal.

We have held in several similar cases that changed conditions in Mauritania rebut the presumption of future persecution based on race and ethnicity of those who were forcibly removed to Senegal by the white Moor military in the late 1980s. *See Ly v. Holder*, 396 F. App'x 304, 310 (6th Cir. 2010) (collecting cases). Other circuits have reached similar conclusions. *See Sow v. Mukasey*, 546 F.3d 953, 957 (8th Cir. 2008); *Ba v. Mukasey*, 539 F.3d 1265, 1269–70 (10th Cir. 2008). Babou points to evidence that discrimination based on race and ethnicity is still a problem in Mauritania, but he does not establish any error in the IJ's

conclusion that this discrimination does not amount to persecution. *See Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (holding that persecution is an extreme concept, beyond mere discrimination). Babou also relies on evidence that slavery remains an issue in Mauritania. However, he never claimed below that he was likely to be enslaved if he returned to Mauritania.

Because we find the decision below supported by substantial evidence, *see Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007), we deny Babou's petition for review.